13-1470
De Saa v. Holder

BIA
A078 385 700

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand fourteen.

PRESENT: JON O. NEWMAN,
RALPH K. WINTER,
REENA RAGGI,
     *Circuit Judges.*

_____

JOSEPH R. DE SAA,
AKA JOSEPH ROHAN DE SAA,
     *Petitioner,*

v.                                        13-1470
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONERS:     Joshua Bardavid, Esq., New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Todd J. Cochran, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Joseph R. De Saa, a native and citizen of Sri Lanka, seeks review of the March 19, 2013 decision of the BIA denying his motion to reopen. *In re Joseph R. De Saa*, No. A078 385 700 (B.I.A. Mar. 19, 2013). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008).

An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation does not apply to a motion to reopen that

2

is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). Nonetheless, the BIA may deny an untimely motion to reopen based on the movant's failure to establish a prima facie case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

The BIA concluded that the Sri Lankan government's policy of mistreating individuals returning from abroad was a continuation of prior practices, not a change in country conditions and, moreover, that De Saa had not shown that the policy was directed particularly at failed asylum seekers. The BIA did not abuse its discretion in denying De Saa's motion on these grounds.

De Saa argues that the Sri Lankan government requires individuals seeking to renew their Sri Lankan passport to sign an affidavit stating that they have not applied for refugee status, indicating that the Sri Lankan government persecutes failed asylum seekers. However, as the BIA noted, the evidence shows that Sri Lankan citizens who were granted

3

asylum in the U.S. are not entitled to a Sri Lankan passport, and if an individual has an asylum application pending in the U.S., the Sri Lankan government will issue only temporary travel documents. Accordingly, the Sri Lankan government has other, valid reasons to inquire as to an individual's asylum status that are unrelated to persecution.

Furthermore, while the evidence shows that returnees may face some risk of harm, substantial evidence supports the BIA's conclusion that De Saa did not show that there was a pattern or practice of persecuting failed asylum seekers in Sri Lanka, or that a prior overseas asylum application is a factor that increases the risk of mistreatment or torture. The evidence shows that certain factors – such as Tamil ethnicity, actual or suspected ties to the Liberation Tigers of Tamil Eelam, or scars that suggest prior involvement in armed conflict – in conjunction with returning to Sri Lanka as a failed asylum seeker, may increase the risk of mistreatment or torture. De Saa does not claim that any of these factors are relevant to him. Accordingly, because De Saa did not establish his prima facie eligibility for asylum, the BIA did not abuse its discretion in denying his motion to reopen. *See INS v. Abudu*, 485 U.S. at 104-05.

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court